IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES THOMAS LITTLE, JR.,      )
                               )
            Petitioner,        )
                               )       1:13CV773
     v.                        )       1:12CR76-2
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner James Thomas Little, Jr., a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 84.)[1] In pertinent part, Petitioner was indicted on February 28, 2012, for conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (Doc. 6, Count One, Object One.) Petitioner pled guilty to that charge on June 4, 2012, pursuant to a plea agreement. (Minute Entry 06/04/2012; Docs. 57, 61.) He was sentenced on September 11, 2012, to a 140-month term of imprisonment. (Minute Entry 09/11/2012; Doc. 78.)

Petitioner did not appeal, but instead filed the instant motion on September 11, 2013. (Doc. 84 ¶ 8.) Respondent has

---

[1] Cites to the record are to the criminal case.

filed a Response (Doc. 94), and though Petitioner was notified of his right to file a reply, no reply was ever filed. (Docs. 95, 96.) Moreover, on February 12, 2016, the court entered an order reducing Petitioner's term of imprisonment from 140 to 122 months pursuant to 18 U.S.C. § 3582(c)(2).[2] (Doc. 110.) Petitioner's 2255 proceeding is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

I. **PETITIONER'S CLAIMS**

Petitioner sets out two claims. First, Petitioner contends that counsel was ineffective at sentencing. (Petition, Ground One (Doc. 84).) Second, Petitioner contends that there was an "[e]rror at Sentencing." (Id., Ground Two.) As explained below, both these claims fail and should therefore be denied.[3]

---

[2] According to the Federal Bureau of Prisons inmate locator, Petitioner's current projected release date is October 23, 2020. (https://www.bop.gov/inmateloc/.)

[3] Petitioner's cover letter to his § 2255 motion "request[s] that this Court grant [his] request for [his] Sentencing Transcripts . . . ." (Petition, Attach. 1 (Doc. 84).) There is no such request on the record, much less a properly filed motion seeking transcripts. Petitioner has also had a great deal of time to make and support any such motion. To the extent this sentence in his cover letter can be construed as a request for a copy of the sentencing transcript, it fails because Petitioner has not demonstrated a particularized need as to why his sentencing transcripts are necessary to frame his motion, nor does Petitioner indicate he has exhausted other means of access. See, e.g., United States v. Boakye, No. 1:11CR455 JCC, 2013 WL 695590, at *2 (E.D. Va. Feb. 25, 2013) (concluding that § 2255 petitioner "is not entitled to transcripts simply to comb the record").

## II. DISCUSSION

### A. Ground One

Petitioner's first ground, in its entirely, states, "Counsel was Ineffective[.] Failed to argue that Count 1 is not an enhanceable offense[.] Counsel failed to see and/or argue that Count 1 is not a Count that the District Court was allowed to enhance Petitioner's sentence based on the § 841 charge. (See Memorandum of Law in support.)" (Petition, Ground One (Doc. 84).)

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but

would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 371 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one not "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

The problem with Petitioner's allegation of ineffective assistance of counsel in Ground One is that it is so vague, conclusory, and unsupported that it fails as a matter of law. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Although Petitioner references an attached memorandum of law, no memorandum has ever been submitted in support of this Ground (or any ground), despite the fact that Petitioner requested and was granted an extension of time within which to perfect his § 2255 motion. (Docs. 85, 88.) There is simply no way to determine what, if anything, Petitioner is contending here in any meaningful and specific way.

Consequently, Petitioner has failed to present evidence, or even specific allegations, in support of his claim that counsel's performance fell below that of a reasonable defense

- 4 -

attorney. Here, Petitioner entered a plea of guilty, pursuant to a written plea agreement. (Doc. 61; 06/04/2012 Minute Entry.) He was sentenced to a term of 140 months imprisonment, which was at the low end of the advisory sentencing guidelines range, notwithstanding the fact that the Presentence Investigation Report ("PSR") contained a recommendation that he be sentenced in the middle of the 135-month to 168-month range. (Doc. 78; PSR Recommended Sentence at 23.) Petitioner raised no objections to the factual findings and guidelines calculations set out in the PSR, either prior to sentencing (see PSR Addendum), or at sentencing (Doc. 91).[4] Petitioner also stated at sentencing that he agreed with the contents of the PSR. (Doc. 91 at 2-3.)

A habeas petition "is expected to state facts that point to a real possibility of constitutional error." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013), cert. denied, ____ U.S. ____, 135 S. Ct. 47 (2014) (citing Blackledge v. Allison, 431 U.S. 75, n.7 (1977)) (internal quotation marks omitted). No

---

[4] Petitioner's counsel raised an objection prior to sentencing, contending that Petitioner's base offense level prior to being credited for acceptance of responsibility should be a 32, rather than a 34, but counsel withdrew the objection at sentencing prior to a ruling after speaking with the prosecutor. (Docs. 74, 91 at 2.) Petitioner faced a sentence of ten years to life imprisonment (PSR ¶ 68) and received a 140-month sentence (Doc. 78), later reduced to 122 months of imprisonment (Doc. 110). Petitioner has failed to identify any specific allegations of error at sentencing and the court sees no errors in Petitioner's sentencing.

such facts have been pled in this case as to Petitioner's Sixth Amendment claim of ineffective assistance of counsel, or as to any claim.  This claim is vague, conclusory, and without support and will therefore be denied.

    **B.**   **Ground Two**

Petitioner's second ground, in its entirely, states, "Error at Sentencing[.]  The District Court's sentence is in violation of due process of Law and the Sixth Amendment (See Memorandum of Law in support)[.]" (Petition, Ground Two (Doc. 84).) This ground suffers from the same infirmities as Petitioner's previous ground. Specifically, this ground for relief is also vague, conclusory, and unsupported.  See Nickerson, 971 F.2d at 1136. Consequently, it too will be denied for the same reasons stated earlier.

**III. CONCLUSION**

For the reasons set forth above, Petitioner's claims are without merit.  An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 84) is **DENIED** and that this action is dismissed.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 7th day of July, 2016.

 /s/ William L. Osteen, Jr.
 United States District Judge